# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:16-cv-00447-FDW
### (3:03-cr-00064-FDW-1)

| | |
|---|---|
| ANTWAINE LAMAR MCCOY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner Antwaine Lamar McCoy's Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255 (Doc. No. 1), seeking relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the Court is the Government's Motion to Dismiss the Motion to Vacate. (Doc. No. 7.) McCoy is represented by counsel.

**I.  BACKGROUND**

On June 16, 2004, McCoy pled guilty in this Court to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846, and 851 (Count One), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 921(g) (Count Three). Plea Agree., Doc. No. 17; Entry and Accept. Plea, Doc. No. 19.[1] As part of his plea agreement, McCoy "stipulate[d] that based on his criminal history, he qualifies as an Armed Career Criminal, and will be sentenced to a minimum term of 15 years in Count Three." Plea Agree. ¶ 7(b).

A probation officer prepared a presentence investigation report ("PSR"), using the 2003 United States Sentencing Guidelines ("U.S.S.G.") Manual. PSR ¶ 19, Doc. No. 59. The probation officer determined that based upon his criminal history, including convictions in North Carolina for

---

[1] Unless otherwise indicated, document and docket entry citations that are not in parenthesis are from the underlying criminal case, United States v. McCoy, No. 3:03-cr-00064-FDW-1 (W.D.N.C.).

voluntary manslaughter and possession with intent to sell and deliver cocaine, McCoy was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). PSR ¶¶ 14, 34. The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1). Without the ACCA enhancement, the statutory maximum for a § 922(g) conviction is 10 years in prison. See § 924(a)(2).

The probation officer also determined McCoy was subject to a sentence enhancement as a career offender under U.S.S.G. § 41B.1. PSR ¶ 35. Under the career offender Guidelines, a defendant is a career offender if, among other things, he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a)(3) (2003). Because of his status as a career offender under the Sentencing Guidelines, McCoy's criminal history category was VI.

With the U.S.S.G. § 41B.1 career offender enhancement, McCoy faced a range of 262 to 327 months in prison for both counts of conviction. PSR ¶ 81. As noted, the armed career criminal enhancement required a minimum prison sentence of 15 years (180 months) for the § 922(g) conviction. PSR ¶ 80. The Court imposed concurrent sentences of 262 months for each count of conviction. J., Doc. No. 26. Judgment was entered on March 15, 2005. Id. The Fourth Circuit Court of Appeals dismissed McCoy's direct appeal on January 18, 2016. Order, Doc. No. 39.

McCoy filed a motion to vacate, set aside or correct sentence on July 31, 2006, alleging trial counsel provided ineffective assistance by not filing a timely notice of appeal. Doc. No. 45. This Court vacated judgment for the sole purpose of allowing McCoy to file a direct appeal. Doc. No. 52. The Fourth Circuit affirmed McCoy's judgment on appeal. United States v. McCoy, 227 F. App'x 301, 2007 WL 1455051 (4th Cir. 2007) (unpublished), cert. denied, 128 S. Ct. 1300 (2008).

2

On February 13, 2009, McCoy filed another motion to vacate, which this Court denied on the merits. Doc. Nos. 68, 70. The Fourth Circuit affirmed. United States v. McCoy, 589 F. App'x 169 (4th Cir. 2015) (unpublished), cert. denied, 136 S. Ct. 894 (2016).

On June 26, 2015, the United States Supreme Court issued its opinion in Johnson v. United States, 135 S. Ct. 2551 (2015). In that case, the Court held that the residual clause in the ACCA's definition of "violent felony" is unconstitutionally vague under the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2558.

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added). The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause, which the Johnson Court struck as unconstitutional. 135 S. Ct. at 2556, 2558. The Court left intact the remainder of the ACCA's "violent felony" definition, including the four enumerated offenses and the "force clause." Id. at 2563.

Thus, a defendant who was sentenced under the ACCA to a mandatory minimum term in prison based on a prior conviction that satisfies only the residual clause of the ACCA's "violent felony" definition is entitled to relief from his sentence. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson applies to cases on collateral review.

Seeking to take advantage of the holding in Johnson, McCoy filed a motion for authorization to file a successive motion to vacate. In re McCoy, No. 16-760 (4th Cir. June 20, 2016). The Fourth Circuit granted authorization, and through counsel, McCoy filed a motion to vacate on June 20, 2016, claiming that, in light of Johnson, he no longer qualifies as a career offender under the Sentencing Guidelines. (§ 2255 Mot. 1, 10, Doc. No. 1.) Although Johnson involved the ACCA,

3

McCoy contends the holding also invalidates the residual clause of the career offender Sentencing Guidelines, see U.S.S.G. § 4B1.2(a)(2) (2003).[2] (§ 2255 Mot. 3.) He asserts that North Carolina's crime of voluntary manslaughter qualifies as a predicate offense only under § 4B1.2(a)'s residual clause. (§ 2255 Mot. 4.)

On October 7, 2016, this Court entered an Order holding this action in abeyance pending the Supreme Court's decision in Beckles v. United States. (Doc. No. 4.) Beckles was decided on March 6, 2017. 137 S. Ct. 886 (2017). The Supreme Court held that the advisory Sentencing Guidelines, including U.S.S.G. § 4B1.2(a)'s residual clause, are not subject to a vagueness challenge under the Due Process Clause because the advisory Guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." 137 S. Ct. at 892. In other words, the residual clause of U.S.S.G. § 4B1.2(a) remains valid after Johnson.

The Government filed a Motion to Dismiss McCoy's Motion to Vacate, contending that relief is foreclosed by the holding in Beckles. (Doc. No. 7.) Thereafter, McCoy filed a pleading titled "Response in Opposition to Government's Motion to Dismiss." (Doc. No. 8.) In it, McCoy does not contest the Government's argument for dismissal. Indeed, McCoy does not even acknowledge the Government's argument and makes no further reference, whatsoever, to his status or sentence under the career offender Guidelines. Instead, he contends the Government waived

---

[2] Under the Sentencing Guidelines in place when McCoy was sentenced, the term "crime of violence" meant any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (2003) (emphasis added). The residual clause was removed from the Guidelines in 2016, and additional offenses, including voluntary manslaughter, were added to the enumerated offense clause. U.S.S.G. §4B1.2(a) (2016).

opposition to habeas relief by failing to address the constitutionality of his enhanced sentence as an armed career criminal under 18 U.S.C. § 924(e). (Doc. No. 8 at 2.) McCoy then argues that, in light of Johnson, he no longer qualifies as an armed career criminal under § 924(e). (Doc. No. 8 at 2-9). The Government has responded, asserting that because McCoy did not raise such a claim in his § 2255 Motion, it is now time-barred. (Doc. No. 10.)

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of an action based upon a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief under § 2255, a petitioner must prove that: (1) the sentence imposed "violat[ed] . . . the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). After examining the record in this matter, the Court finds this action can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A federal district court must dismiss any claim brought in a § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence. 28 U.S.C. § 2255(f)(1)-(4). McCoy's judgment of conviction became final more than a year before he filed his original § 2255 Motion, see § 2255(f)(1), and neither § 2255(f)(2) nor § 2255(f)(4) apply.

Accordingly, McCoy's Motion to Vacate may be considered only if timely under § 2255(f)(3).

"[U]nder § 2255(f)(3), courts will consider a petitioner's motion timely if (1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from 'the date on which the right asserted was initially recognized by the Supreme Court' 28 U.S.C. § 2255(f)(3), and (3) the Supreme Court [or other federal court] has made the right retroactively applicable." United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017) (citations omitted). McCoy filed his § 2255 Motion less than a year after Johnson was decided. There is no dispute that McCoy challenged his status as a career offender in his original Motion to Vacate.

Whether McCoy also raised a claim that his conviction for voluntary manslaughter does not qualify as an ACCA predicate in light of Johnson, and that his sentence for his § 922(g) conviction, therefore, exceeds the 10-year statutory maximum for a non-ACCA offense, is a matter of dispute. (Doc. No. 8 at 2.) As noted, the Government contends McCoy did not raise this claim in his original Motion to Vacate. McCoy, on the other hand, operates from the premise that he did. (Doc. No. 8 at 3 (citing § 2255 Mot. 2 n.1, Doc. No. 1).) If McCoy is correct, the claim is timely under § 2255(f)(3) because it relies on the right recognized by the Supreme Court in Johnson and was filed less than a year after Johnson was decided. The Court's first task, then, is to determine which of the parties is correct.

Rule 2(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires that a motion to vacate, set aside or correct sentence "specify all the grounds for relief available to the moving party;" "state the facts supporting each ground;" and "state the relief requested." § 2255 Rule 2(b)(1)-(3). Even a cursory reading of the original § 2255 Motion reveals McCoy did not raise a claim that his sentence under § 924(e) is unconstitutional in light of Johnson.

As an initial matter, he mentions his status as an armed career criminal only once in the entire § 2255 Motion, and that is in a footnote describing how the Sentencing Guidelines range

6

should be calculated absent application of the career offender Guideline. (§ 2255 Mot. 2 n.1.) The footnote states,

> This calculation is based on an offense level of 24 (current guideline for at least 500 grams but less than two kilograms of cocaine under U.S.S.G. § 2D1.1), a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), minus three levels for acceptance of responsibility, and a criminal history category of III. See PSR at ¶ 21, 22, 27, 28, 33, 36, 46. The PSR determines that the statutory provision range is "10 years to life" PSR ¶ 80 (citing 21 U.S.C. §§ 841(b)(1)(B) and 851). In light of Johnson, McCoy no longer qualifies as an armed career criminal, and accordingly, the 15-year mandatory minimum under the Armed Career Criminal Act (ACCA) does not apply.

(§ 2255 Mot. 2 n.1.) A single conclusory statement appearing in a footnote about application of a different sentencing provision is insufficient to "specify" a ground for relief under Rule 2(b)(1) of the Rules Governing Section 2255 Proceedings.

Even if such a passing reference was sufficient to specify a ground for relief, McCoy's § 2255 Motion cites no facts supporting that ground for relief, as required by § 2255 Rule 2(b)(2). The Motion's statement of facts includes that the PSR "found . . . McCoy had two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2" and that "[b]ased on the career-offender enhancement, McCoy faced a guidelines range of 262 to 327 months." (§ 2255 Mot. 1-2.) The Motion does not mention McCoy's stipulation that he was an armed career criminal or that the PSR also found that he was an armed career criminal.

When making his case for relief, McCoy argues that Johnson's holding applies to the career offender Guidelines, that Johnson is retroactive in the Guidelines context, and that voluntary manslaughter in North Carolina does not fall under either the force clause or the enumerated offense clause of § 4B1.2(a). Again, there is no mention of his status as an armed career criminal under 18 U.S.C. § 924(e).

Finally, McCoy states that he is "entitled to relief under § 2255 because, in light of Johnson, his career-offender sentence violates due process." (§ 2255 Mot. 10.) McCoy does not contend that he is entitled to relief because, under the holding in Johnson, the sentence for his § 922(g)

7

conviction exceeds the statutory maximum and violates due process, see § 924(a)(2); § 2255 Rule 2(b)(3).

In contrast, McCoy's "Response in Opposition to Government's Motion to Dismiss" is only about his status as an armed career criminal under the residual clause of § 924(e). (Doc. No. 8.) Here can be found an assertion that he is entitled to relief because his original sentence "was in excess of the maximum authorized by law," see § 2255(a). (Doc. No. 8 at 2, 5.) Additionally, McCoy argues for the first time that he should be resentenced on all counts under the so-called "sentencing package" doctrine and that he suffers adverse collateral consequences from his designation as armed career criminal. No mention is made anywhere of McCoy's status as a career offender under the Sentencing Guidelines. Nor are the Sentencing Guidelines themselves cited. In short, the § 2255 Motion and the "Response in Opposition to Government's Motion to Dismiss" read as if they are seeking relief for two different people.

Based upon the foregoing, the Court finds that McCoy's § 2255 Motion did not raise a claim that his conviction for voluntary manslaughter does not qualify as an ACCA predicate and that his sentence for his § 922(g) conviction exceeds the 10-year statutory maximum for a non-ACCA offense and violates due process. The conclusory and perfunctory nature of the reference to his armed career criminal status (§ 2255 Mot. 2 n.1) implies McCoy assumed he was entitled to relief from his § 924(e) sentence. Perhaps he challenged only his career offender status because it carried the higher offense level.[3] The Court can only speculate, as McCoy has not responded to the Government's assertion that he failed to raise this claim in his Motion to Vacate (Doc. No. 10).

Regardless, McCoy's single conclusory statement dropped in a footnote was insufficient to raise a claim for relief under Rule 2(b) of the Rules Governing Section 2255 Proceedings. § 2255

---

[3] The offense level for armed career criminal status under § 924(e) was 34, PSR ¶ 34, while the offense level for career offender status was 37, PSR ¶ 35.

Rule 2(b)(1)-(3). More importantly, it was insufficient to put the Government on notice that McCoy was raising a claim that his conviction for voluntary manslaughter does not qualify as an ACCA predicate and that the sentence for his § 922(g) conviction exceeds the 10-year statutory maximum for a non-ACCA offense.

The Court notes that under Federal Rule of Civil Procedure 15, a petitioner may amend a habeas petition to add new claims. Fed. R. Civ. P. 15(a); United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (applying Federal Rule of Civil Procedure 15 in the § 2255 context). The Court notes further that McCoy filed the "Response in Opposition to Government's Motion to Dismiss" within the timeframe allowed for a petitioner to amend his habeas petition without leave of the court. See Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010) (explaining that motion to dismiss is not considered responsive, so plaintiff had right to amend complaint once with or without leave of court). Were McCoy acting pro se, the Court *sua sponte* would construe the "Response in Opposition to Government's Motion to Dismiss" as an amended § 2255 motion to vacate. McCoy is represented by counsel, however, and the Court will not construe his response to the Government's Motion to Dismiss as anything other than what it purports to be.

In sum, McCoy did not raise a claim in his § 2255 Motion that he no longer qualifies as an armed career criminal in light of Johnson, and he has not amended or moved to amend his § 2255 Motion to add such a claim. The Court, then, turns to the only claim raised by McCoy – that, in light of Johnson, he no longer qualifies as a career offender under the Sentencing Guidelines. McCoy's claim is both barred by the statute of limitations and without merit.

While it is true that McCoy filed his § 2255 Motion less than a year after Johnson was decided, that fact alone does not make it timely. As noted, courts will consider a petitioner's motion timely under § 2255(f)(3) if it relies on a right recognized by the Supreme Court. See Brown, 868 F.3d at 301. In United States v. Brown, the Fourth Circuit held that Johnson did not

9

recognize the only right McCoy asserts in his Motion to Vacate – to have his Guidelines' sentencing range calculated without inclusion of a provision he contends is unconstitutionally vague. 868 F.3d at 301-302 (citing Beckles, 137 S. Ct. at 890, 895, 903 n.4 (Sotomayor, J., concurring)[4]). In other words, McCoy's claim that he no longer qualifies as a career offender under the Sentencing Guidelines does not rely on a right recognized by the United States Supreme Court and made retroactive on collateral review. See id. Therefore, § 2255(f)(3) does not apply, and McCoy's § 2255 Motion to Vacate is barred by the statute of limitations.

McCoy's claim is without merit for the same reason that it is not timely – the holding in Johnson does not extend to the Sentencing Guidelines. See Beckles, 137 S. Ct. at 892. The advisory Sentencing Guidelines, including the career offender residual clause, are not subject to a vagueness challenge under the Due Process Clause. Id. Thus, McCoy has failed to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6).

## IV: CONCLUSION

McCoy raised only one claim in his § 2255 Motion to Vacate, and that claim challenged only his status as a career offender under the Sentencing Guidelines. McCoy's Motion to Vacate is barred by the statute of limitations because it was filed more than a year after his conviction became final, see § 2255(f)(1), and it did not rely on a right recognized by the Supreme Court, see § 2255(f)(3); Brown, 868 F.3d at 301-302. Furthermore, relief on the merits of McCoy's claim is foreclosed by the Supreme Court's holding in Beckles. 137 S. Ct. at 892. Accordingly, the Court shall grant the Government's Motion to Dismiss the Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss the 28 U.S.C. § 2255 Motion to Vacate, Set

---

[4] McCoy was sentenced under the advisory Sentencing Guidelines. Sent. Tr. 21:7-11.

Aside or Correct Sentence (Doc. No. 7) is **GRANTED**;

2. The Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** for the reasons stated herein; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: January 16,

Frank D. Whitney
Chief United States District Judge