UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:03-cr-00064-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANTWAINE LAMAR MCCOY, | ) ORDER |
| | ) |
| Defendant. | ) |
| | ) |

THIS MATTER comes before the Court on Defendant Antwaine Lamar McCoy's Motions for Appointment of Counsel, early release under the First Step Act, and request for immediate release to home confinement. (Doc. Nos. 85-86, 92-93, 96). For the reasons that follow, Defendant's motions are DENIED.

## I. BACKGROUND

In December of 2002, a confidential informant reported to law enforcement that the Defendant, a convicted felon, was distributing kilogram quantities of cocaine in Charlotte, North Carolina. (Doc. No. 90, p. 4). Defendant consented to a search of his vehicle and two homes and law enforcement subsequently seized: seven firearms, nearly 2,000 grams of powder cocaine, 67 grams of crack cocaine, more than $16,000 in cash, and ammunition. Id., p. 4-6.

A federal grand jury indicted Defendant and charged him with possession with intent to distribute crack and at least 500 grams of powder cocaine, possession with intent to distribute more than 50 grams of crack cocaine, and two counts of possession of a firearm as a convicted felon. (Doc. No. 1). Defendant entered into a plea agreement with the United States, agreeing to plead

1

guilty to possessing with intent to distribute crack at least 500 grams of powder cocaine, and one felon-in-possession of a firearm offense. (Doc. No. 17).

The probation office submitted a presentence report and calculated a base offense level of 26 base on Defendant's responsibility for 67 grams of crack cocaine and just under two kilograms of powder cocaine. (Doc. No. 90). Based on the Defendant's two prior drug-trafficking convictions and a prior conviction for voluntary manslaughter, the probation office classified Defendant as a career offender, subject to an adjusted offense level of 37 and a total offense level of 34. (Doc. No. 90). The probation office also classified Defendant as an armed career criminal, subject to a statutory mandatory minimum of 15 years in prison for his felon-in-possession offense. Id. This Court sentenced Defendant to 262 months in prison for each of his offenses, to run concurrently. (Doc. No. 46). Defendant now asks this Court to grant him compassionate release or home confinement. Id.

## II.  DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

With respect to the Motion to Appoint Counsel, criminal defendants have no right to counsel beyond their first appeal. E.g., United States v. Kenny, No. 3:01-cr-00185-FDW, 2020 WL 2094116, at *1 (W.D.N.C. Apr. 30, 2020); United States v. Ismel, No. 3:94-CR-00008-1, 2012 WL 113392, at *1 (W.D. Va. Jan. 13, 2012). Defendant has not shown extraordinary circumstances warranting the appointment of counsel at this time. The Motions (Doc. No. 92, 96) are therefore DENIED.

## III.  DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE

In his Motion, Defendant states he is approaching his release date and is requesting a recommendation from this Court to be placed in a halfway house upon release. (Doc. No. 85). The

Defendant states that, while incarcerated, his family ties, home, job, and basic necessities to begin his "law abiding" as a productive citizen have been lost. Id. Additionally, the Defendant discusses the certifications and educational courses he had taken and passed while incarcerated. Id. The Defendant, however, does not provide any information relevant to justify an early release under the First Step Act.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement with regard to compassionate release is set forth

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
> >
> > (ii) The defendant is –
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

4

As a preliminary matter, the Court must consider whether release is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense, (B) to afford adequate deterrence, (C) to protect the public from further crimes committed by the defendant, and (D) to provide the defendant with educational or vocational training, medical care, or other treatment; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" for supporting his Motion pursuant to § 3582(c)(1)(A)(i). Defendant does not assert that he has a terminal or serious health condition, or deterioration in physical or mental health due to aging, or family circumstances that would support release under subsections A, B, or C of U.S.S.G. § 1B1.13, application note 1. See (Doc. No. 85).

Nor does Defendant identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement other than the COVID-19 pandemic. See Id.; see also U.S.S.G. § 1B1.13, application note 1(D). Further, there is no evidence that BOP cannot care for Defendant adequately. Thus, Defendant has failed to make the required showing under § 3582(c)(1)(A)(i).

5

Even if Defendant qualified for release due to extraordinary and compelling reasons, § 3582(c)(1)(A) requires that this Court consider the factors listed in 18 U.S.C. § 3553(a) before granting Defendant's motion. These factors, which include "the nature and circumstances of [his] offense," his "history and characteristics," and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant," weigh heavily in favor of Defendant's continued imprisonment. 18 U.S.C. § 3553(a). Defendant's pleaded guilty to possessing with intent to distribute crack, and at least 500 grams of powder cocaine and one felon-in-possession offense. (Doc. No. 1). At the time of sentencing, Defendant's criminal history included two prior drug-trafficking convictions and a prior conviction for voluntary manslaughter, for which the probation office classified Defendant as a career offender. See (Doc. No. 90). Considering Defendant's prior drug trafficking criminal history, his disrespect for the law, and the need to protect the public from him as well as the other 3553(a) factors, the Defendant's Motions for Reduction in Sentence under the First Step Act (Doc. No. 85-86) are DENIED.

### IV. DEFENDANT'S REQUEST FOR HOME CONFINEMENT

Defendant requests that the Court release him to home confinement. The Court does not have the authority to direct BOP to place a defendant in home confinement. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant

suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement."). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so. Therefore, Defendant's Motion for Home Confinement (Doc. No. 93) is DENIED.

### IV. CONCLUSION

For the foregoing reasons, Defendant Antwaine Lamar McCoy's Motions for Appointment of Counsel, early release under the First Step Act, and request for immediate release to home confinement (Doc. Nos. 85-86, 92-93, 96) are DENIED.

Signed: October 6, 2020

_____
Frank D. Whitney
United States District Judge